
AUG 2 0 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEWEL GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:18-cv-01859 (UNA) |
| ) | |
| CHILDREN YOUTH AND ) | |
| FAMILIES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiffs' *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* applications and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows for dismissal of a plaintiff's complaint which fails to state a claim upon which relief can be granted or is frivolous or malicious.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

The instant complaint consists of random statements regarding various incidents with no connecting information or factual bases relating thereto. Plaintiff sues "children youth and families," purportedly located in Washington, D.C., and in Daingerfield, Texas. Compl. at 1-2.

Plaintiff provides no other information by which to identify or locate the defendants, though it appears that she is aggrieved with certain divisions of child protective services ("CPS"). *Id.* at 4. Plaintiff generally alleges that her Fourteenth Amendment rights have been violated, though she neither articulates any plausible claims nor provides any relevant facts relating thereto. *Id.* at 3, 6. Plaintiff alleges that CPS kidnapped and gravely harmed her children. *Id.* at 4. She also believes that CPS and the police are attempting to kill her. *Id.* at 3, 5-6. Despite having filed a civil complaint, plaintiff requests that the Court ". . . order a full criminal investigation on public corruption, organized crime, and human trafficking [,]" which it cannot do. *Id.* at 6. She also requests that the Court investigate the Salvation Army, and a homeless shelter in Bradenton, Florida, which it also cannot do. *Id.* She states that she has been reporting alleged threats and sending recorded tapes to the Federal Bureau of Investigation. *Id.* at 5.

A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. In addition to failing to state a claim for relief, the instant complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: August 17, 2018

United States District Judge

2